IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Clarence Williams, | ) | |
| | ) | C/A No. 6:10-2844-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Ashley Wright, Detective, Greer City Police Department, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. # 1). This matter is before the Court on Defendant's Motion for Summary Judgment. (Dkt. # 56). Because Petitioner is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on June 28, 2011, advising Petitioner of the motion for summary judgment procedures and the possible consequences if he failed to adequately respond. (Dkt. # 60). An Order was filed on July 25, 2011 providing the Plaintiff with an additional ten days to file a response to the Motion for Summary Judgment. (Dkt. # 83). Petitioner thereafter timely filed his Response in Opposition to the Summary Judgment Motion. (Dkt. # 85).

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(e), D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. On November 2, 2011, Magistrate Judge Jacquelyn D. Austin issued a Report and Recommendation ("Report") recommending that Defendant's Motion for Summary Judgment (Dkt. # 56) be granted. The Magistrate Judge provided Plaintiff a notice advising him of his right to file objections to the Report. (Dkt. # 93, Attachment 1). Plaintiff filed objections to the

Magistrate Judge's Report on December 8, 2011. (Dkt. # 102).

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

Plaintiff filed this action on November 2, 2010, generally alleging claims of false imprisonment and false statement and that Defendant lacked probable cause to arrest Plaintiff. (Dkt. # 43 at 1). The Magistrate Judge recommended Defendant's Motion for Summary Judgment be granted pursuant to Fed. R. Civ. P. 56(a). The Report sets

2

forth in detail the relevant facts and applicable law on this matter, and the court incorporates such without a recitation.

The Court will address the Plaintiff's objections in order.

As his first objection, the Plaintiff points out that one of the charges against him, to-wit: Criminal Sexual Conduct Third Degree was dismissed at a preliminary hearing. Plaintiff asserts this fact reflects that there was, therefore, no probable cause for the issuance of a warrant on this charge. However, the Plaintiff was subsequently indicted on the charge of Criminal Sexual Conduct Third Degree by a Grand Jury. Accordingly, this objection is without merit. *Ex Parte United States.* 287 U.S. 241 (1932); *United States v. Soriano-Jarquin*, 492 F. 3d 495 (4th Circ. 2007).

As his second objection, the Defendant asserts that the Magistrate Judge was incorrect in stating that the parties had not informed the Court of the disposition of the relevant charges against the Defendant. The Magistrate Judge took judicial notice of the fact that the Plaintiff pled guilty to two charges of unlawful neglect of a child in June 2011 and that the charge of Criminal Sexual Conduct Third Degree was dismissed. Accordingly, this objection has no bearing on the motion before the court.

The Plaintiff also appears to object to the Magistrate Court's analysis of his allegations of false arrest within the context of his Section 1983 action.

The Magistrate Judge correctly noted that Section 1983 actions premised on an alleged false arrest are analyzed as actions claiming unlawful seizures in violation of the Fourth Amendment. *Brown v. Gilmore*, 278 F. 3d 362 (4th Cir. 2002); *Rogers v. Pendleton*, 249 F. 3d 279 (4th Cir. 2001). Therefore, this objection has no merit.

The Plaintiff also alleges that the Defendant acted in violation of law and did not submit an affidavit in support of the warrant on the charge of Criminal Sexual Conduct Third Degree. The Magistrate Judge addressed this matter in a very thorough analysis of the law applicable to the undisputed facts supporting her recommendation. The record supports a finding of probable cause to obtain warrants on the basis of the alleged victim's statement. A victim's statement will constitute sufficient probable cause unless there is an apparent reason for the officer to believe the victim is lying. *United States v. Beckham*, 325 F. Supp. 2d 678 (E.D. VA 2004). The Plaintiff's assertion that "There was no affidavit presented; therefore there were no facts to investigate" is a misstatement of the facts and applicable law. In this instance, the Defendant did obtain a statement from the alleged victim, and the Plaintiff has failed to submit any proof, aside from his own assertions, that the victim's alleged motive or unreliability should or could have been apparent to the Defendant at the time the warrants were sought.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the court finds Plaintiff's objections are without merit. Based upon the foregoing, the court concludes that, construing the motion in the light most favorable to the non-moving party, there is no genuine issue of material fact, such that the Defendant is entitled to summary judgment as a matter of law. Accordingly, the court adopts the Report and incorporates it herein. It is therefore **ORDERED** that

Defendant's Motion for Summary Judgment (Dkt. #56) is **GRANTED**.

**IT IS SO ORDERED.**

                                                    s/Timothy M. Cain
                                                    United States District Judge

December 22, 2011
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.